UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFERY THOMAS MORIN,<br><br>        Plaintiff,<br><br>    v.<br><br>C. ROHRER *et al.*,<br><br>        Defendants. | Case No.  C04-5839RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**APRIL 29th 2005** |

        This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. On December 15th, 2004 the court entered an order to show cause why this action should not be dismissed as frivolous. (Dkt. # 5). That order outlined the defects in the complaint. On February 28th, 2005 the court denied several pending motions and re-set the deadline for response on the order to show cause. (Dkt. # 12). Plaintiff has not responded.

        The court now recommends that this action be **DISMISSED WITH PREJUDICE** prior to service with dismissal counting as a strike pursuant to 28 U.S.C. § 1915 (g) for failure to state a claim.

<u>FACTUAL BACKGROUND</u>

        Plaintiff seeks to challenge a general infraction but fails to provide any facts as to the nature of the infraction, the hearing process, whether he was found guilty, and what sanction was imposed. (Dkt. # 7).

REPORT AND RECOMMENDATION
Page - 1

Plaintiff has been was given the standard for stating a claim under 42 U.S. C. § 1983 and he has not responded to the courts order to show cause.

## DISCUSSION

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

The complaint fails to state a cause of action under 42 U.S.C. § 1983 as plaintiff does not show any constitutional right is or was implicated by a general infraction. It does not appear this defect can be cured and dismissal prior to service is therefore appropriate. Franklin v. State of Oregon, State Welfare Division, 662 F.2d 1337 (9th Cir. 1981).

## CONCLUSION

Plaintiff cannot bring a 42 U.S.C. § 1983 without pleading facts to show a constitutional right is at issue. The complaint fails to state a claim as a matter of law. The action should be **DISMISSED WITH PREJUDICE.** Dismissal for failure state a claim counts as a strike pursuant to 28 U.S.C. 1915 (g). A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 29th 2005**, as noted in the caption.

DATED this 29th day of March, 2005.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge